UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'VAUGHN CORTEZ HILL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. ROBERTSON,<br><br>　　　　　Respondent. | No.  2:20-cv-01998-TLN-DB<br><br>**ORDER** |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254.  On September 29, 2022, the magistrate judge issued findings and recommendations in which she recommended the petition be denied.  (ECF No. 14.)  Petitioner was granted thirty days to file objections to the findings and recommendations.  (*Id.*)  On December 15, 2022, this Court adopted the findings and recommendations, denied Petitioner's petition, and entered judgment for respondent.  (ECF Nos. 15, 16.)  At that time, Petitioner had not filed objections or otherwise responded to the findings and recommendations.

In a document Petitioner appears to have placed in the prison mail on December 11, 2022,[1] and was received by the Court on December 15, 2022, Petitioner seeks an extension of time to file objections to the magistrate judge's findings and recommendations.  (ECF No. 17.)

---

[1] Petitioner did not provide a proof of service with his filing.  He dated it December 11, 2022.  (*See* ECF No. 17.)

1

1  While that document was received by the Court on December 15, 2022, it was not entered on the
2  docket until December 16, 2022, so was not available to the Court prior to issuance of the final
3  order.
4        The findings and recommendations directed the parties to file any objections "[w]ithin
5  thirty days after being served with these findings and recommendations." (ECF No. 14.)  When a
6  party is conventionally served by U.S. mail, as Petitioner was in this case, an additional three
7  days are added.  Fed. R. Civ. P. 6(d).  Therefore, Petitioner's objections were due no later than
8  November 1, 2022.
9        Because he did not seek an extension of time before the expiration of the deadline,
10 Petitioner must demonstrate "excusable neglect" to establish good cause for an extension of time
11 to file objections.  Fed. R. Civ P. 6(b)(1)(B).  In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*
12 *Partnership*, 507 U.S. 380 (1993), the Supreme Court provided factors to consider when
13 determining whether neglecting to meet a court-ordered deadline was excusable.  They are: (1)
14 the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact
15 on the proceedings; (3) the reason for the delay, and (4) whether the movant acted in good faith.
16 *See Pioneer*, 507 U.S. at 395; *see also In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973
17 (9th Cir. 2007) (citing *Pioneer*, 507 U.S. at 395).
18       The first factor weighs in favor of Petitioner.  If Petitioner is permitted to file objections,
19 Respondent's counsel will expend the same resources they would have had Petitioner filed timely
20 objections.  The Court finds respondent will not suffer any undue burden or prejudice.
21       As to the second factor — the impact on these proceedings — the Court recognizes
22 Petitioner will be prejudiced if he is unable to appeal the denial of his Petition for two reasons.
23 First, the failure to file objections waives the right to challenge the magistrate judge's factual
24 findings.  *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citing *Lisenbee v. Henry*, 166
25 F.3d 997, 998 n.2 (9th Cir.1999)).[2]  Second, Petitioner likely has just one opportunity to

---

[2] Failure to file objections does not, however, automatically waive the right to appeal the District Court's conclusions of law.  *Miranda v. Anchondo*, 684 F.3d at 848; *see also Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

1 | challenge his conviction in the federal courts.  The federal habeas rules impose significant hurdles
2 | to filing subsequent §2254 petitions.  *See* 28 U.S.C. §2244.  This Court finds the second factor
3 | weighs in favor of reopening the case to permit Petitioner to file objections.

4 |       The third *Pioneer* factor — the reasons for the delay — does not weigh in Petitioner's
5 | favor.  Petitioner argues he should be granted an extension of time because he asked an attorney
6 | representing him in a separate proceeding whether he would submit objections on Petitioner's
7 | behalf.  By the time he received a response from the attorney, the time for filing objections had
8 | lapsed.  While this excuse may have justified Petitioner's failure to file timely objections, it does
9 | not explain his failure to seek an extension of time until well over thirty days after the deadline
10 | for filing objections.  When the November 1, 2022 deadline approached, and Petitioner had not
11 | received a response from the attorney, he could have submitted a motion at that time.

12 |       With respect to the fourth *Pioneer* factor — good faith — the Court recognizes that the
13 | pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by
14 | lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  That said, pro se parties remain bound by
15 | the applicable procedural rules.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  This
16 | Court has no reason to think Petitioner acted in bad faith.  However, it also cannot be said that
17 | petitioner acted in good faith when he neglected to file a timely motion for an extension of time.

18 |       After weighing the *Pioneer* factors, this Court finds the prejudice to Petitioner and his pro
19 | se status are sufficient reasons to permit him additional time to file objections.  Petitioner is
20 | warned that he must file any objections within the thirty days provided.  This Court will not grant
21 | any further requests for extensions of time.

22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Court's December 15, 2022 Order and Judgment (ECF Nos. 15, 16) are VACATED.

2. Petitioner's Motion for an Extension of Time to File Objections (ECF No. 17) is GRANTED. Within thirty days of the date of service of this Order, Petitioner may file objections to the magistrate judge's September 29, 2022 Findings and Recommendations. No further extensions of time will be provided.

**DATED: February 7, 2023**

Troy L. Nunley
United States District Judge